IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,<br><br>               Plaintiffs,<br>v.<br><br>MILLENNIUM CONTRACTING CO., an Illinois Corporation,<br><br>               Defendant. | Case No. 20 C 3474 |

## COMPLAINT

Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Health & Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace, Amy Carollo, G. Ryan Liska, Katherine C.V. Mosenson and Sara S. Schumann, and for their Complaint against Millennium Contracting Co., state:

## COUNT I

**(Failure To Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Millennium Contracting Inc., hereinafter "Company", does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 ("Agreement"). (A copy of the Company's Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. Rene Cortez, hereinafter "Cortez", is and was at all times relevant a shareholder of the Company. The Company entered into a Laborers' Health and Welfare Fund Participation Agreement for Non-Bargained Employees and a Laborers' Pension Fund Participation Agreement for Non-Bargained Employees (collectively referred to hereinafter as "Participation Agreements") on behalf of Cortez. True and accurate copies of the Individual Self-Contributor Agreements are attached hereto as Exhibits B and C.

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Midwest Construction Industry Advancement Fund (the "MCIAF"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LMCC"), the CARCO Industry Advancement Fund ("CARCO"), the Underground Contractors Association ("UCA"), and the Chicago Area

3

Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

9. The Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement and Rene Cortez, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee and Rene Cortez. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

10. The Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. An audit of Company's books and records for the time period of July 1, 2017 through August 31, 2019, revealed that Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust, Company has:

    (a) failed to report and pay contributions in the amount of $6,632.95 owed to Plaintiff Pension Fund for the audit period of July 1, 2017 through August 31, 2019, thereby depriving the Laborers' Pension Fund of contributions, income and

4

information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $5,389.66 owed to Plaintiff Laborers' Welfare Fund for the period of July 1, 2017 through August 31, 2019, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $2,471.03 owed to Plaintiff Retiree Health and Welfare Fund for the period of July 1, 2017 through August 31, 2019, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to report and pay contributions in the amount of $338.25 owed to Laborers' Training Fund for the period of July 1, 2017 through August 31, 2019, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e) failed to report and pay contributions in the amount of $63.67 owed to Laborers' District Council Labor Management Committee Cooperative ("LCMCC") for the audit period of July 1, 2017 through August 31, 2019, thereby depriving the LCMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

      (f)      failed to report and pay contributions in the amount of $29.96 owed to Chicago Area Independent Construction Association ("CAICA") for the audit period of July 1, 2017 through August 31, 2019, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

      (g)      failed to report and pay contributions in the amount of $26.22 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit of July 1, 2017 through August 31, 2019, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

A true and accurate copy of the audit and audit summary sheet are attached hereto as Exhibits D and E respectively.

      13.      Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of July 1, 2017 through August 31, 2019.

      14.      The Company also failed to timely pay its reports for the months of November 2019 and March 2020 and owes $9,087.65 in accumulated liquidated damages for those late paid reports. *See* Exhibit E.

      15.      Under the terms of the Agreement, Participation Agreements and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owed the Funds $2,213.75 in audit costs for the audit for the period of July 1, 2017 through August 31, 2019. *See* Exhibit E.

16. Company's actions in failing to submit payment upon the audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

17. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement, the Participation Agreements, and the Funds' respective Trust Agreements, Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Millennium Contracting Co.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of July 1, 2017 through August 31, 2019, including contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)

18. Plaintiffs reallege paragraphs 1 through 17 of Count I as though fully set forth herein.

19. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers

union dues which have been or should have been deducted from the wages of covered employees.

20. Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of July 1, 2017 through August 31, 2019, and Company failed to withhold and/or submit payment of $740.96 in union dues that were or should have been withheld from the wages of employees for the period of July 1, 2017 through August 31, 2019, thereby depriving the Union of information and income. *See* Exhibits D and E.

21. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of July 1, 2017 through August 31, 2019, plus audit costs, interest, liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Millennium Contracting Co.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of July 1, 2017 through August 31, 2019, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure to Submit Reports and Pay Employee Benefit Contributions)

22. Plaintiffs reallege paragraphs 1 through 17 of Count I as though fully set forth herein.

23. Notwithstanding the obligations imposed by the Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay all contributions on its bargained-for employees to Plaintiff Pension Fund for May 2020 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay all contributions on its bargained-for employees to Plaintiff Welfare Fund for May 2020 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay all contributions on its bargained-for employees to Retiree Welfare Fund for May 2020 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and/or pay all contributions on its bargained-for employees to Laborers' Training Fund for May 2020 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to submit reports and/or pay all contributions on its bargained-for employees owed to one or more of the other affiliated funds identified in Paragraph 8 above for May 2020 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

24. Notwithstanding the obligations imposed by the Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company:

(a) failed to submit reports and/or pay all contributions on behalf of Cortez to Plaintiff Pension Fund for April 2020 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay all contributions on behalf of Cortez to Plaintiff Welfare Fund for April 2020 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay all contributions on behalf of Cortez to Retiree Welfare Fund for April 2020 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of Cortez and his beneficiaries; and

(d) failed to submit reports and/or pay all contributions on behalf of Cortez to Laborers' Training Fund for April 2020 forward on behalf of Cortez, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries.

25. The Company also submitted and paid Mr. Cortez's December 2019 Participation Agreements report late and owes $572.00 in accumulated liquidated damages on that report.

26. The Company's actions in failing to submit timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

27. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement , the Participation Agreements, and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Millennium Contracting Co. as follows:

a. ordering the Company to submit benefit reports and pay all contributions for May 2020 forward for its bargained-for employees and April 2020 forward for Mr. Cortez and to submit to an audit upon demand;

b. entering judgment in sum certain against Defendant Company on the amounts due and owing as pled in the Complaint, and pursuant to the amounts revealed as owing pursuant to the May 2020 forward reports for its bargained-for employees and April 2020 forward reports for Mr. Cortez, and audit, if any, including contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT IV

### (Failure to Submit Reports and Pay Union Dues)

28. Plaintiffs reallege paragraphs 1 through 17 of Count I and Paragraphs 18 and 21 of Count II as though fully set forth herein.

29. Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

30. Notwithstanding the obligations imposed by the Agreement, the Participation Agreements, and the Funds' respective Agreements and Declarations of Trust the Company failed to submit Union dues reports and dues that were or should have been withheld from the wages of its bargained-for employees for the period of May 2020 forward and from the wages of Mr. Cortez for the period of May 2020 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

31. Pursuant to the Agreement, the Participation Agreements, and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Millennium Contracting Co. as follows:

a. ordering the Company to submit dues reports and pay all dues for the time period of May 2020 forward for its bargained-for employees and for Mr. Cortez;

b. ordering the Company to submit its books and records to an audit upon demand to determine dues contributions compliance;

c. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the May 2020 forward dues reports for its bargained-for employees and for

Mr. Cortez, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

    d.    awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

June 15, 2020                                                             Laborers' Pension Fund, et al.

                                                                                       By: /s/ Amy Carollo
                                                                                               Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540